

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Dorman Nickels
County Attorney
Wharton County
Wharton, Texas

Attention:   Mr. M. S. Munson, Jr.

Dear Sir:           Opinion No. O-4972
                    Re:  Would a county or city of the State
                         of Texas be authorized to acquire
                         the site for an airport by lease from
                         an individual, instead of purchasing
                         same as provided in Article 1269h,
                         Vernon's Annotated Civil Statutes,
                         and related questions?

        Your letter of November 4, 1942, requesting the
opinion of this department on the questions stated therein
reads as follows:

        "I would appreciate your advising me whether
or not in your opinion, a city or county of the
State of Texas, would be authorized under the terms
of Art. 1269h of the Revised Statutes, or any other
Statute, to do the following acts;

        "(1)  Acquire the site for an airport by lease
from an individual, instead of purchasing same as
provided in said Art. 1269h.

        "(2)  Appropriate money of such County or City
to pay the rental therefor without a bond issue.

        "(3)  Erect with County or City money a hanger
upon such premises, and pay necessary maintenance
charges including salaries of guards.

        "(4)  Acquire and maintain such an airport in
the manner above stated, to be operated and managed
by the members of the Civil Air Patrol."

        Article 1269h, Vernon's Annotated Civil Statutes
provides in part:

"Section 1.  A--That the governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire, by purchase without condemnation or by purchase through condemnation proceedings, and thereafter maintain and operate as an airport, or lease, or sell, to the Federal Government, tracts of land either within or without the corporate limits of such city and within the county in which such city is situated, and the Commissioners' Court of any county may likewise acquire, maintain and operate for like purpose tracts of land within the limits of the county.

"B--That the governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire by purchase without condemnation, and thereafter maintain and operate as an airport, or lease, or sell to the Federal Government, tracts of land without the county in which such city is situated, provided said tracts are not within five (5) miles of another incorporated city that has a population of more than fifteen hundred (1500) people, according to the last preceding Federal Census.

"C--That the governing body of any incorporated city in this State may, and is hereby empowered, to acquire through condemnation proceedings, tracts of land located without the county in which said city is located, provided said tracts of land are within six (6) miles of the county boundary of the county in which said city is located, and are not within five (5) miles of another incorporated city having a population in excess of fifteen hundred 1500) people, according to the last preceding Federal Census; and that said city may thereafter maintain and operate as an airport, or lease, or sell, said tracts to the Federal Government; provided, however, that the grant herein made to acquire land through condemnation proceedings, without the county in which said city is located, shall expire on December 31, 1942, but that tracts of land acquired prior to that date, and under the authority of this Act, may continue to be operated, leased, or sold, as provided in this Act.

"D--In addition to the power herein granted, the Commissioners' Courts of the several counties of this State are hereby authorized to lease any

airport that may be acquired by the county, as
herein provided, to any incorporated city or muni-
cipality within such county, or to the Federal
Government, for the purpose of maintaining and
operating an airport; and provided further that
any incorporated city having acquired land for
an airport, or an airport, under the authority
of this Act, shall have the right to lease said
land or said airport to the county in which said
incorporated city is located.

"E--In addition to the power which it may now
have, the governing body of an incorporated city
shall have the power to sell, convey, or lease,
all or any portions of any airports heretofore es-
tablished or that may be hereafter established,
or any land acquired under the provisions of this
Act, to the United States of America for any pur-
pose deemed by the Government of the United States
necessary for National Defense, or for air mail
purposes, or any other public purpose, or to the
State of Texas, or any branch of the State Govern-
ment, or to any other person, firm, or corporation,
to carry out any purpose necessary or incidental
to National Defense or training incidental thereto;
and that such governing body shall provide rules
and regulations for the proper use of any such air-
ports in connection with the purposes stated herein.
As amended Acts 1941, 47th Leg., p. 65, ch. 51,
§ 1; Acts 1941, 47th Leg., p. 196, ch. 142, § 1."

It will be noted that Article 1269h, supra, express-
ly provides or sets forth the manner that real estate may be
acquired by a city or county for the purpose of an airport,
namely, through gift or dedication, or by purchase without
condemnation or by purchase through condemnation proceedings.

Neither this statute nor any other statute that we
have been able to find authorizes the city or county to ob-
tain or acquire land for the purpose of an airport by a lease
except Article 1269j, Vernon's Annotated Civil Statutes which
will be later discussed.

Article 1269h, authorizes a city or a county to
lease an airport after being acquired by a city or a county
to the Federal Government for certain purposes and also au-
thorizes a county to lease an airport to the city and further
authorizes a city to lease an airport to the county. How-
ever, as above stated, we find no provision except as above
mentioned authorizing a city or county to acquire real estate

by lease from individuals, instead of acquiring the same as authorized by Article 1269h.

Article 1269j, supra, expressly authorizes any city having a population of more than 40,000 inhabitants according to the last preceding Federal Census.

". . . to own, maintain and operate an airport, either within or without, or partially within and partially without, the corporate limits of such city; (b) to construct, acquire by gift, purchase, lease or the exercise of the right of eminent domain, improve, enlarge, extend or repair any airport, and to acquire by gift, purchase, lease or the exercise of the right of eminent domain, lands or rights in lands in fee simple in connection therewith; (c) to borrow money and issue its bonds or warrants to finance in whole or in part the cost of the acquisition, construction, improvement, enlargement, extension or repair of any airport; ...."

It will be noted that the above mentioned statute authorizes any city having a population of more than 40,000 inhabitants according to the last preceding Federal Census to acquire real estate by lease for the purpose therein mentioned. However, as Wharton County has no city having a population of 40,000 inhabitants or more according to the last preceding Federal Census, said statute is not applicable to said county therefore, for the purpose of this opinion we do not deem it necessary to discuss this statute further.

It is well established in this State that a city or county has only that power or authority conferred by statute or the Constitution and such power and authority which may be necessarily implied to exercise the express power and authority given by the statutes or Constitution of this State.

In view of the foregoing it is the opinion of this department that neither any city having a population of less than 40,000 inhabitants according to the last preceding Federal Census, nor any county, is authorized to acquire land for an airport by lease from an individual, but such land must be acquired as provided by Article 1269h, supra.

We direct your attention to Article 5248e, Vernon's Annotated Civil Statutes, which authorizes any city or county in this State, separately or jointly to acquire lands for the use of the United States Government, either by a lease for a term of years or in fee simple title. Said statute further provides that the lands so acquired shall lie within the limits

of the county acquiring same, or if acquired by a city, within the limits of the county in which said city is located; however, we do not construe your request as pertaining to the acquisition of lands for use of the United States Government, therefore, if we are correct in the construction of your request, the foregoing statute is not applicable to the question under consideration.

As we have in effect answered your first question in the negative it is not necessary to consider your other questions.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:mp:wc


APPROVED NOV. 21, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman